# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent,**

**vs.)  No. 21-0260** (Berkeley County CC-02-2020-F-59)

**Jomo Kenyata Morris,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jomo Kenyata Morris, by counsel B. Craig Manford, appeals his convictions of possession with the intent to deliver fentanyl and possession with the intent to deliver cocaine. Respondent State of West Virginia, by counsel Patrick Morrisey and William E. Longwell, filed a response in support of petitioner's convictions. Petitioner argues that the circuit court erred in denying his motion for judgment of acquittal and motion to suppress.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In the early morning hours of December 29, 2018,  Senior Trooper D.A. Gough of the West Virginia State Police received a dispatch to an active disturbance at 245 Robert's Garden Apartments in Martinsburg, West Virginia, where it was reported that two parties, a man and a woman, were yelling at each other in the parking lot. Snr. Trooper Gough and Trooper Simerly arrived at the scene and observed petitioner and a woman in the parking lot. Upon seeing the officers, petitioner and the woman began walking toward the apartments. The officers directed them to stop, but petitioner continued walking and broke into a run toward his apartment. Petitioner was trying to open the back door of his apartment when he was subdued and handcuffed.

After he was placed in handcuffs, petitioner was searched by Snr. Trooper Gough, and individually packaged baggies of cocaine, heroin, and marijuana were found in petitioner's front left pants pocket. Thereafter, petitioner was able to slip out of one of the handcuffs and attempted to grab the drugs, strike both officers, and flee. Petitioner was quickly subdued and secured in a

1

cruiser, where he continued to yell at his female companion.[1] Snr. Trooper Gough surmised that petitioner was intoxicated after detecting the odor of alcohol on petitioner's breath. Petitioner was arrested and charged with separate counts of possession with the intent to distribute cocaine, heroin, and marijuana; attempted escape; fleeing on foot; obstructing an officer; disorderly conduct; and public intoxication. Petitioner was later released on bond. Petitioner's bond was revoked when he tested positive for marijuana and fentanyl.

During the May of 2019 term of court, petitioner was indicted on six charges. In the first count of the indictment, petitioner was charged with fleeing on foot. In the second and third counts, petitioner was charged with possession with the intent to deliver heroin and possession with the intent to deliver cocaine, in violation of West Virginia Code § 60A-4-401(a)(i). The fourth count of the indictment charged petitioner with possession of marijuana. In the fifth and sixth counts of the indictment, petitioner was charged with escape and battery on a law enforcement officer.

On November 14, 2019, petitioner filed a motion to suppress the fruits of the warrantless search of his person and seizure of his drugs. In his motion, petitioner argued that Troopers Gough and Simerly did not have a reasonable articulable suspicion that petitioner had engaged or was about to engage in a crime to justify the search. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868 (1968), and *State v. Stuart*, 192 W. Va. 428, 452 S.E.2d 886 (1994). During a January 6, 2020, hearing, the court heard arguments on petitioner's suppression motion, including the testimony of Troopers Gough and Simerly.

During the hearing, Sr. Trooper Gough testified that on the morning in question, he received an emergency call from dispatch regarding a man and woman yelling at each other in the parking lot of an apartment complex, and when he arrived in the parking lot of the same apartment complex, he observed petitioner and a woman in the parking lot. As the Troopers exited their cruiser, Gough recalled that both petitioner and the woman began walking toward the apartments. However, when the officers asked them to stop, the woman stopped but the male (identified as petitioner) went from a walk to running up the hill toward his apartment. Sr. Trooper Gough testified that petitioner was attempting to open the door of his apartment when he was taken into custody. Further, Gough testified that, for safety reasons, when petitioner was taken into custody, a pat down search of petitioner was completed, and drugs were found in petitioner's front pants pocket. Sr. Trooper Gough concluded that he had a reasonable suspicion that petitioner and the female he observed in the parking lot had committed a crime based on the dispatch call of a disturbance between a man and a woman in a parking lot, then observing petitioner and his female friend (who were the only people in the parking lot), and upon the arrival of law enforcement, the two began to walk away.

Trooper Simerly offered testimony similar to that of Sr. Trooper Gough and recalled that he and Sr. Trooper Gough arrived at the apartments within six or seven minutes of receiving the dispatch. While he did not observe the petitioner and his female companion "engaging in any sort of disturbance," he did note that immediately upon the arrival of the officers at the scene, the

---

[1] Petitioner's female companion was also arrested and charged with disorderly conduct, false information, domestic battery (after striking petitioner, who was handcuffed), and possession of marijuana. Her charges are not at issue in this appeal.

parties (petitioner and his friend) began walking away from the parking lot and that petitioner (then failing to respond to the Troopers' commands) "hot-stepped" and "broke into a run" until he got to the door of his apartment where he was arrested. The court denied petitioner's motion to suppress and found that "under the totality of the circumstances, the arresting officers had reasonable articulable suspicion for the stop and arrest" of petitioner.

After testing by the West Virginia State Police lab, it was discovered that the drugs in the possession of petitioner at the time of his arrest believed to be heroin were laced with fentanyl. As a result, on February 19, 2020, the State obtained a new superseding indictment against petitioner, identical to the original indictment, except that count two was amended to reflect the drug at issue was fentanyl, not heroin. The original and superseding indictment both required that petitioner "knowingly" possess fentanyl with the intent to distribute. After petitioner's rejection of a proposed plea deal, his jury trial began on September 2, 2020.

At the conclusion of the prosecution's case-in-chief, petitioner made a motion, under Rule 29 of the West Virginia Rules of Criminal Procedure, for a judgment of acquittal and dismissal of count two of the superseding indictment alleging that petitioner "knowingly" possessed fentanyl with the intent to distribute. Petitioner's counsel argued that petitioner did not know and would not have known that the drugs in his possession were mixed with fentanyl, as not even the officers who arrested petitioner and their laboratory co-workers knew of the presence of the fentanyl until after testing. Conversely, the State argued that West Virginia Code § 60A-4-415, does not require knowledge of the holder of the drugs and that the State had "inadvertently" added the word "knowingly" to the superseding indictment, when the statute did not require knowledge. The circuit court found the defect to be harmless error because the statute at issue did not require knowledge and denied petitioner's motion for a judgment of acquittal and dismissal.

In support of his defense, petitioner presented the testimony of his female friend with whom he was quarreling on the night of his arrest. The friend described that she and petitioner were drug addicts who had purchased a stash of drugs on the evening prior to petitioner's arrest, including marijuana, cocaine, and heroin, for them to consume during their fun weekend, which included plans to travel to the Washington, D.C., area for a concert. Petitioner's friend testified that the argument between she and petitioner on the night of his arrest related to her belief that their drugs were laced with "something," and she wanted petitioner to address this concern with the seller.

Petitioner then took the stand on his own behalf and offered that he purchased the drugs at issue the evening of his arrest for he and his female friend to have a fun weekend. He admitted that because he was such a heavy drug user, he had to purchase a large quantity of drugs to get high because he had built up a tolerance. Petitioner further testified that when he purchased the heroin on the night of his arrest he did not know there was any fentanyl in the heroin. At the close of petitioner's testimony, he rested his case and renewed his motion for judgment of acquittal, which was denied by the court.

The following day, the jury was instructed, and the parties made closing arguments. Ultimately, the jury returned a guilty verdict against petitioner for counts one through four of the indictment and found petitioner not guilty of counts five and six (escape and battery on a law

enforcement officer). Thereafter, petitioner filed post-trial motions, which were heard by the circuit court on February 16, 2021. Petitioner's post-trial motions were denied.

By sentencing order dated March 3, 2020, petitioner was sentenced to one year in jail for his conviction of fleeing on foot and six months in jail for his conviction of possession of marijuana, with said sentences to be served concurrently. As to his felony convictions, petitioner was sentenced to two to ten years in prison for his conviction of possession with intent to deliver fentanyl and one to fifteen years in prison for possession with the intent to deliver cocaine, with said sentences to be served concurrently, for an aggregate sentence of three to twenty-five years in prison. It is from the May 3, 2020, sentencing order that petitioner now appeals.

On appeal, petitioner raises three assignments of error. In his first and second assignments of error, petitioner contends that the circuit court erred in denying his motion for judgment of acquittal and motion for a directed verdict. Initially, we recognize that Rule 29(a) of the West Virginia Rules of Criminal Procedure provides, in pertinent part, that "[m]otions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place." As to motions for judgment of acquittal, this Court applies "a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W. Va. 492, 497, 711 S.E.2d 562, 567 (2011). With regard to making a determination as to the sufficient of the evidence, this Court has reasoned that

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie,* 194 W. Va. 657, 461 S.E.2d 163 (1995).

> A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence whether direct or circumstantial in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Guthrie*, 194 W. Va. at 663, 461 S.E.2d at 169, Syl. Pt. 3, in part. Further, as this Court held in *State v. Sites*, 241 W. Va. 430, 437, 825 S.E.2d 758, 765 (2019),

4

"[t]he trial court's disposition of a motion for judgment of acquittal is subject to our de novo review; therefore, this Court like the trial court, must scrutinize the evidence in the light most compatible with the verdict, resolve all credibility disputes in the verdict's favor, and then reach a judgment about whether a rational jury could find guilt beyond a reasonable doubt."

*State v. LaRock*, 196 W. Va. 294, 304, 470 S.E.2d 613, 623 (1996).

In his first assignment of error, petitioner alleges that the circuit court erred in denying his motion for judgment of acquittal because an error in count two of the superseding indictment incorrectly included the allegation that petitioner knowingly possessed fentanyl with the intent to deliver.[2] Petitioner argues that the record establishes that he did not have knowledge of the presence of fentanyl in the drugs he purchased on the evening of his arrest. Accordingly, he claims that he could not be found guilty of this charge. As to his second assignment of error, petitioner argues that the circuit court erred in denying his motion for a directed verdict (now motion for judgment of acquittal) as the jury verdict was contrary to the evidence presented at trial that petitioner possessed the drugs at issue to deliver. Given the totality of the evidence viewed in the light most favorable to the prosecution with all inferences and credibility assessments that the jury might have made drawn in favor of the State, it is clear that the circuit court did not err in denying petitioner's motion for judgment of acquittal. *See Guthrie,* 194 W. Va. at 663, 461 S.E.2d at 169, Syl. Pt. 3, in part.

While petitioner did not dispute that he had marijuana, cocaine (nearly seven grams), and fentanyl (three grams) in his possession at the time of his arrest, he argues that he did not know the heroin he possessed was laced with fentanyl. Petitioner further admitted that the drugs in his possession were for the personal use of he and his female friend for their weekend fun. Petitioner acknowledged that he is a longtime drug user and has developed a high tolerance to drugs, which requires him to purchase and consume more to "get high." Despite petitioner's admissions, a jury found petitioner guilty of possession with intent to deliver fentanyl and possession with intent to deliver cocaine, along with the misdemeanor offenses of fleeing on foot and possession of marijuana. This Court has long held that it will not disturb weight and credibility determinations made by the jury. *See State v. Trail*, 236 W. Va. 167, 188, 778 S.E.2d 616, 637 (2015). Accordingly, as petitioner's convictions were supported by the evidence at trial, we find no error in the circuit court's denial of petitioner's motions for judgment of acquittal.

In his third, and final, assignment of error, petitioner argued that the circuit court erred in denying his motion to suppress the drugs at issue as the search of petitioner's person was

---

[2] Rule 12(b)(2) of the West Virginia Rules of Criminal Procedure provides, in pertinent part, that "[d]efenses and objections based on defects in the indictment " must be raised prior to trial. Here, the record does not reflect that petitioner raised the issue of the alleged defect in the superseding indictment (that said indictment erroneously included the allegation that petitioner knowingly possessed fentanyl with the intent to deliver) until the close of the State's presentation of evidence at trial. Accordingly, we find that the same is not properly before us now for consideration.

unreasonable because the officers who conducted the search of petitioner's person did not have a reasonable articulable suspicion. This Court has held that "[w]hen reviewing a ruling on a motion to suppress," questions of law are reviewed de novo, and "an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below." *State v. Rogers*, 231 W. Va. 205, 210, 744 S.E.2d 315, 320 (2013). Further, this Court has stated that "[w]hen evaluating whether or not particular facts establish reasonable suspicion, one must examine the totality of the circumstances, which includes both the quantity and quality of the information known by the police." Syl. Pt. 2, *State v. Stuart*, 192 W. Va. 428, 452 S.E.2d 886 (1994).

Here, petitioner argues that Troopers Gough and Simerly did not possess a reasonable articulable suspicion that petitioner had engaged in or was about to commit a crime incident to the search of his person. While the State relies upon the dispatch call, the presence of petitioner and his companion in the parking lot at an early morning hour (described in the dispatch call as a "disturbance"), and petitioner running away from officers as "reasonable articulable suspicion," petitioner notes that (1) dispatch did not describe the persons who were the subject of the disturbance dispatch, aside from identifying them as male and female; (2) upon arrival at the apartment complex, neither of the officers observed either petitioner or his companion "engage in disorderly conduct"; and (3) when officers arrived, both petitioner and his companion were walking away from the parking lot and toward the apartment, which was within the confines of the law. Simply put, petitioner contends that his actions upon the officers' arrival at the apartment complex did not suggest criminal activity or that a crime was about to be committed. Accordingly, petitioner suggests that the warrantless search of his person was illegal, and all fruits of such search are inadmissible.

Conversely, the State argues, and we concur, that the circuit court did not err in its denial of petitioner's motion to suppress. In this instant case, Troopers Gough and Simerly possessed reasonable articulable suspicion justifying their commands for the petitioner to stop. Here, petitioner "immediately responded" to the arrival of law enforcement by engaging in evasive conduct that was suspicious and "potentially indicative of wrongdoing." This, coupled with the reasons the officers were at the parking lot in the early morning hours, clearly amounts to reasonable articulable suspicion to, at the very least, stop and question petitioner to ascertain what information he may have about the reported disturbance.[3]

The circuit court found no merit in petitioner's argument. The court ruled that "under the totality of the circumstances, the arresting officers had reasonable articulable suspicion for the stop and arrest" of petitioner. There is no dispute that when the officers arrived on the scene, that petitioner and his female friend, who had been standing in the parking lot of the apartment building at 4:30 a.m., began to walk toward the apartment building and that petitioner ignored the commands of the officers to stop and, instead, began running toward the back door of his apartment, where he was finally subdued, and the drugs discovered. Accordingly, we find no error.

---

[3] Additionally, the State contends that petitioner committed a misdemeanor offense in the presence of Troopers, by running from them after being directed to stop, thereby providing the officers with probable cause to arrest petitioner and conduct a search incident to arrest.

For the foregoing reasons, we affirm petitioner's convictions of possession with the intent to deliver fentanyl and possession with the intent to deliver cocaine.

Affirmed.

**ISSUED:** May 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**NOT PARTICIPATING**:

Justice C. Haley Bunn